# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **KAREN DAVIS,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 1:12-cv-209-PMW** |
| **CAROLYN W. COLVIN,**[1] **Acting Commissioner of Social Security,** | |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

Before the court is Karen Davis's ("Plaintiff") appeal of the Commissioner's final decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security. Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. On February 11, 2009, applied for DIB and SSI, alleging disability beginning on April 6, 2001.[2] Plaintiff's applications were denied initially and upon reconsideration.[3] Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on April 27, 2011.[5] At the hearing, Plaintiff amended her alleged onset date to May 26, 2007.[6] On May 26, 2011, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[7] On August 28, 2012, the Appeals Council denied Plaintiff's request for review,[8] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

---

[2] *See* docket no. 7, Administrative Record ("Tr. _____") 14, 109-116.

[3] *See* Tr. 65-66, 68-72.

[4] *See* Tr. 78-84.

[5] *See* Tr. 25-58.

[6] *See* Tr. 28.

[7] *See* Tr. 11-24.

[8] *See* Tr. 1-5.

On October 5, 2012, Plaintiff filed her complaint in this case, which was assigned to District Judge Clark Waddoups.[9] The Commissioner filed her answer on January 22, 2013,[10] and the court received the Administrative Record the same day.[11]

On January 28, 2013, Judge Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[12] March 26, 2013, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[13] Consequently, the case was reassigned to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[14]

Plaintiff filed her opening brief on March 18, 2013.[15] The Commissioner filed her answer brief on April 18, 2013.[16] Plaintiff filed her reply brief on April 29, 2013.[17]

---

[9]  *See* docket no. 3.

[10]  *See* docket no. 5.

[11]  *See* docket no. 7.

[12]  *See* docket no. 8.

[13]  *See* docket no. 14.

[14]  *See id.*

[15]  *See* docket no. 13.

[16]  *See* docket no. 15.

[17]  *See* docket no. 16.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently
> engaged in substantial gainful activity. If [the claimant] is,
> disability benefits are denied. If [the claimant] is not, the decision

maker must proceed to step two: determining whether the claimant
has a medically severe impairment or combination of
impairments. . . . If the claimant is unable to show that his
impairments would have more than a minimal effect on his ability
to do basic work activities, he is not eligible for disability benefits.
If, on the other hand, the claimant presents medical evidence and
makes the *de minimis* showing of medical severity, the decision
maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R.

§§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed

impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the

impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to

benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751

(quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At

the fourth step, the claimant must show that the impairment prevents performance of his "past

relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to

perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the

claimant is not able to perform his previous work, he "has met his burden of proof, establishing a

prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At

this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work

in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R.

§§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an

adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled.

If, on the other hand, it is determined that the claimant "cannot make an adjustment to other

work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff

argues that the ALJ erred: (1) by improperly evaluating the medical opinions of Plaintiff's

treating physician, (2) in assessing Plaintiff's credibility, and (3) at step five of the sequential

evaluation process. The court will address those arguments in turn.

### I. Medical Opinions

> In deciding how much weight to give a treating source
> opinion, an ALJ must first determine whether the opinion qualifies
> for controlling weight. To make this determination, the ALJ . . .
> must first consider whether the opinion is well[ ]supported by
> medically acceptable clinical and laboratory diagnostic techniques.
> If the answer to this question is "no," then the inquiry at this stage
> is complete. If the ALJ finds that the opinion is well[ ]supported,
> he must then confirm that the opinion is consistent with other
> substantial evidence in the record. If the opinion is deficient in
> either of these respects, then it is not entitled to controlling weight.

> Even if a treating physician's opinion is not entitled to
> controlling weight, treating source medical opinions are still
> entitled to deference and must be weighed using all of the factors
> provided in [20 C.F.R. §§ 404.1527 and 416.927]. Those factors
> are: (1) the length of the treatment relationship and the frequency
> of examination; (2) the nature and extent of the treatment
> relationship, including the treatment provided and the kind of
> examination or testing performed; (3) the degree to which the
> physician's opinion is supported by relevant evidence; (4)
> consistency between the opinion and the record as a whole; (5)

whether or not the physician is a specialist in the area upon which
an opinion is rendered; and (6) other factors brought to the ALJ's
attention which tend to support or contradict the opinion.

Under the regulations, the agency rulings, and [Tenth
Circuit] case law, an ALJ must give good reasons . . . for the
weight assigned to a treating physician's opinion . . . that are
sufficiently specific to make clear to any subsequent reviewers the
weight the adjudicator gave to the treating source's medical
opinion and the reason for that weight. If the ALJ rejects the
opinion completely, he must then give specific, legitimate reasons
for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted)

(sixth alteration in original); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See*

*Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not

discuss every factor, it "does not prevent this court from according his decision meaningful

review"). And, as with other evidentiary matters, when an ALJ is considering medical opinion

evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See,*

*e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d

1244, 1247 (10th Cir. 1988).

Plaintiff argues that the ALJ erred in evaluating the opinions of Plaintiff's treating

physician, Dr. Bruce Cornelius ("Dr. Cornelius"). Because the ALJ concluded that Dr.

Cornelius's opinions were entitled to little weight, it is implicit that the ALJ also viewed those

opinions as not being entitled to controlling weight. Accordingly, the court turns to the deference

and weight the ALJ gave to Dr. Cornelius's opinions.  *See Langley*, 373 F.3d at 1119; *see also* 20

C.F.R. §§ 404.1527(c), 416.927(c).

In this case, the ALJ relied upon proper factors to support the conclusion that the opinions

of Dr. Cornelius were entitled to little weight.  The ALJ properly relied upon the fact that the

opinions were not supported by the medical record.  *See* 20 C.F.R.

§§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4).  Specifically, the ALJ noted that Dr. Cornelius's

opinion that Plaintiff's mental problems were overwhelming was not supported by the medical

record.  The ALJ also noted that Dr. Cornelius's opinion that Plaintiff had repeated episodes of

decompensation was unsupported by the record and contradicted by Plaintiff's own testimony.

The ALJ also properly relied upon the fact that Dr. Cornelius did not discuss Plaintiff's

failure to follow prescribed treatment, and the ALJ cited to evidence in the record indicating that

Plaintiff's conditions improved when she took her medication as prescribed.  *See, e.g.*, *Owen v.*

*Astrue*, 551 F.3d 792, 799-800 (8th Cir. 2008) ("[A] claimant's noncompliance can constitute

evidence that is inconsistent with a treating physician's medical opinion and, therefore, can be

considered in determining whether to give that opinion controlling weight.").  Plaintiff argues

that the ALJ should not have relied upon that factor because she was unable to afford her

medications.  However, the ALJ specifically addressed that assertion in her decision and

determined that it was not credible based on Plaintiff's testimony that she continued to pay for

and smoke a pack of cigarettes per day.  *See, e.g.*, *Rush v. Chater*, No. 95-5172, 1996 U.S. App.

LEXIS 9242, at *6 (10th Cir. Apr. 23, 1996) (unpublished) (affirming the ALJ's credibility

assessment, which noted in part that the ALJ was "skeptical of plaintiff's claim that he was unable to afford medication or treatment, noting plaintiff's two-pack a day smoking habit").

In addition to arguing that the ALJ erred in assigning little weight to the opinions of Dr. Cornelius, Plaintiff argues that the ALJ failed to comply with Social Security Ruling ("SSR") 96-2p and SSR 96-5p when she failed to summarize the treatment records of Dr. Cornelius. That argument fails. An ALJ is not required to discuss every piece of evidence in the record. *See, e.g.*, *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence."). Furthermore, the ALJ stated that she considered the opinion evidence in accordance with SSR 96-2p and SSR 96-5p. *See Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) ("[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." (alteration in original) (quotations and citation omitted)).

As a final matter, to the extent that Plaintiff reargues the weight of the evidence before the ALJ, the court notes that such a tactic is futile on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

For these reasons, the court concludes that the ALJ did not err in her evaluation of the opinions of the Dr. Cornelius.

## II. Credibility

In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

SSR 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. §§ 404.1529(c), 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

Plaintiff argues that the ALJ erred in assessing Plaintiff's credibility. That argument is without merit. The ALJ considered proper factors in reaching her determination that Plaintiff's testimony was not entirely credible. First, the ALJ properly relied upon the fact that Plaintiff appeared to exaggerate the severity of her condition. In particular, the ALJ noted that Plaintiff's assertion that she could barely stand or walk was contradicted by a physician's indication that Plaintiff made those assertions after displaying no difficulties walking or standing during examination. *See, e.g.*, *Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992) (noting the claimant's "numerous exaggerations and contradictions" in upholding the ALJ's adverse credibility determination). Second, the ALJ properly relied upon the fact that Plaintiff was not compliant with her doctors' treatment recommendations, including use of a CPAP machine and taking certain medications. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(vi), 416.929(c)(3)(iv)-(vi); SSR 96-7p. Finally, the ALJ properly noted that the credibility of Plaintiff's complaints of breathing problems was undermined by the fact that she continued to smoke a pack of cigarettes per day. *See, e.g.*, *Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008) (affirming the ALJ's decision to discount the claimant's subjective complaints about shortness of breath where the claimant continued to smoke a pack of cigarettes per day).

The ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not entirely credible. Furthermore, the court concludes that the ALJ's determination is "closely and affirmatively linked to substantial evidence."

*Kepler*, 68 F.3d at 391 (quotations and citation omitted).  Accordingly, the court concludes that

the ALJ did not err in reaching her determination about Plaintiff's credibility.

Plaintiff also argues that the ALJ's credibility determination is deficient because the ALJ

failed to identify which of Plaintiff's statements were or were not credible.  In a recent case, the

Tenth Circuit rejected that argument.  The Tenth Circuit stated:

> True, the ALJ did not explicitly state "I find this statement
> credible" or "I find this statement not credible" for each factual
> assertion made by [the claimant].  Instead, he listed many of her
> specific factual assertions, often following them by a qualifying
> statement to indicate where he believed her testimony was
> contradicted or limited by other evidence in the record. . . .
>
> [A]lthough the ALJ may not have identified any specific
> incredible statements as part of his evaluation of [the claimant's]
> hearing testimony, his approach performed the essential function of
> a credibility analysis by indicating to what extent he credited what
> she said when determining the limiting effect of her symptoms.

*Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1169-70 (10th Cir. 2012).  Consistent with that holding,

the court concludes that Plaintiff's argument is without merit.  Moreover, to the extent that

Plaintiff's argument on this point is again directed at rearguing the weight of the evidence, the

court again notes that such a tactic is unavailing on appeal.  *See, e.g.*, *Oldham*, 509 F.3d at 1257;

*Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

### III.  Step Five

Plaintiff argues that the ALJ erred at step five of the sequential evaluation process.  More

specifically, Plaintiff contends that the ALJ erred by failing to include certain limitations in the

RFC and the hypothetical given to the vocational expert.  However, the limitations that Plaintiff

contends were omitted are based upon the opinions of Dr. Cornelius and upon Plaintiff's

subjective complaints.  The court has concluded that the ALJ did not err in her treatment of the

opinions of Dr. Cornelius or in her assessment of the credibility of Plaintiff's subjective

complaints.  As such, the ALJ was not required to include those limitations in the RFC or in the

hypothetical given to the vocational expert.  In this case, the ALJ included all of the limitations

contained in the final RFC determination in the hypothetical provided to the vocational expert.

Accordingly, there was no error.  *See, e.g.*, *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000)

("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ

ultimately included in his RFC assessment.  Therefore, the VE's answer to that question provided

a proper basis for the ALJ's disability decision.")

## CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail.  Accordingly, **IT IS HEREBY**

**ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 11th day of October, 2013.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge